JAMES WRIGHT, claimant and appellant, *vs.* JAMES F. BLUNT.

Somerset.   Opinion August 1, 1882.

*Trial justice.   Appeal.   Amendment.   Complaint for costs.
Judgment.   Practice.*

A magistrate before whom a recognizance is taken may, by leave of court amend the one returned or make a new one, so as to set out more accurately the contract of the party recognizing.

A judgment upon complaint for costs for not entering an action, denying the complainant's costs, is one from which an appeal may be taken.

The fact of the denial of costs, sufficiently shows that the party who appealed was aggrieved.

It is for the trial justice to determine the sufficiency of the surety and the reasonableness of the sum, in which the appellant is to recognize.

ON EXCEPTIONS.

This was an appeal from the judgment of a trial justice upon a complaint for costs for not entering an action before the justice, alleging that he had been duly summoned to appear as defendant in such action. Upon motion, the appeal was dismissed by the court for want of sufficient recognizance and the appellant alleged exceptions.

The material facts appear in the opinion.

*James Wright*, for the plaintiff, cited R. S., c. 83, § 18; *Commonwealth* v. *Field*, 11 Allen, 488; *Commonwealth* v. *Merriam*, 7 Allen, 356; *Hawkes* v. *Davenport*, 5 Allen, 390; *Benedict* v. *Cutting*, 13 Met. 181; *State* v. *Young*, 56 Maine, 219; *Ingalls* v. *Chase*, 68 Maine, 113, and cases cited.

*Folsom and Merrill*, for the defendant.

A recognizance should recite the cause of its caption, and so much of the judgment as would show that the magistrate had jurisdiction. *Commonwealth* v. *Downey*, 9 Mass. 520; Spauld. Prac. 513. See also, *Libby* v. *Main*, 11 Maine, 344; *Dodge* v. *Kellock*, 13 Maine, 136; *Green* v. *Haskell*, 24 Maine, 180; *French* v. *Snell*, 37 Maine, 102; *Owen* v. *Daniels*, 21 Maine, 180; *Harrington* v. *Brown*, 7 Pick. 232.

Without a proper recognizance an appeal cannot be sustained. *Hilton* v. *Longley*, 30 Maine, 220; *Dolloff* v. *Hartwell*, 38 Maine, 54.

The original recognizance, filed the first day of the term, does not show the cause of the caption, &c. The appeal was therefore not perfected and a motion to dismiss was properly granted. *French* v. *Snell*, 37 Maine, 100.

The original recognizance taken before the magistrate on an appeal from his judgment must be returned to the appellate court. A copy cannot be entered of record, neither is it admissible to contradict or show it defective. *Stetson* v. *Corinna*, 44 Maine, 29.

The justice certified that the recognizance filed the first day, was the original recognizance filed before him. There cannot be two original recognizances. The paper filed in court the sixteenth day cannot be the original. But that paper is insufficient as a recognizance. (1.) Because it does not show that the complainant was aggrieved at the judgment of the justice. R. S., c. 83, § 17. (2.) It does not show that the appeal was entered within twenty-four hours. *Ibid.* (3.) It does not show that the appellant recognized with sufficient surety or sureties to the adverse party in a reasonable sum. *Idem,* § 18. (4.) It does not show that the appeal was ever allowed by the justice. (5.) It does not show that the justice had jurisdiction. It only shows that it was a complaint for costs, but does not show what kind of an action it was that Blunt brought against the appellant.

APPLETON, C. J. The appellant having been sued by the appellee, who failed to enter and prosecute his action, filed at the return day before the magistrate issuing the writ his complaint for costs. The appellee, by his counsel, appeared and objected to their allowance and they were disallowed. From the judgment of the trial justice disallowing costs, an appeal was duly taken and entered in court with a copy of the case and the recognizance.

It appears by the docket entries, that on the sixteenth day of the term, a diminution of the record was suggested and the justice had leave to file his record and amend, a motion to dismiss for want of a sufficient recognizance having been made the same day. The record as now amended was duly filed on the same day on which leave was given to file it.

On the seventeenth day of the term, the counsel for the respondent, filed a motion to dismiss, "because the papers in the case do not show a case wherein an appeal lies from a decision of a trial justice to the Supreme Judicial Court."

The complaint was entered at the time and place and before the magistrate, before whom the writ was made returnable. The plaintiff in the original suit failing to enter and prosecute his action, the then defendant, was, by the statute, entitled to recover judgment for his costs. The counsel for the plaintiff

contested their allowance and the justice disallowed them. Here was a judgment determining the rights of contesting parties, from which an appeal could legally be taken.

The recognizance first filed, seems to be conceded to be insufficient and defective. Leave was then granted to amend. That the magistrate before whom a recognizance is taken, may, by leave of court, amend the one returned or make a new one, so as to set out more accurately and fully the contract of the parties recognizing, seems fully established by the authorities. *State* v. *Young*, 56 Maine, 219 ; *Ingalls* v. *Chase*, 68 Maine, 113 ; *Com.* v. *Field*, 11 Allen, 488.

A diminution of the record having been suggested and leave having been given to the justice to amend his record, his duty in the matter was plain and obvious. If the record was correct, he could properly make no change or amendment, for there was nothing to amend. If defective by reason of diminution, he should supply the deficiency. This he did, by furnishing under his hand, an amended recognizance, which was placed on the files of the court.

But the justice, returning an amended record in pursuance of leave granted, wrote on the recognizance first returned, these words : "I certify that this is the original recognizance *filed* with me and returned to the S. J. Court in the case *James Wright* v. *James F. Blunt*. W. H. Fuller, trial justice." By this, we cannot understand that the recognizance as last returned is incorrect. It is under his official signature and he would be guilty of official misconduct if he returned a false recognizance as an amended recognizance, when the one first returned was the true recognizance and the one taken. All that is meant by the language used, is that the first recognizance is the first, as it was made out and reduced to writing by him. The justice took a recognizance and he does not mean that he took a defective one.

But this certificate is no part of the records of the magistrate. It is not evidence of any fact therein stated. It is the unauthorized certificate of what is no part of his record and is no more evidence than any other outside fact he might choose to certify.

Leave to amend the recognizance having been granted and the

amended recognizance having been filed, the motion to dismiss was rendered on the following day and the presiding justice ordered the action dismissed for the insufficiency of the recognizance. The question to be determined is whether or not it was sufficient.

It is objected to the validity of the recognizance, that it does not appear that the party appealing, was aggrieved by the judgment of the magistrate. But that is abundantly shown by the fact that the judgment was adverse.

The recognizance was entered into, on the day on which the respondent's writ was returnable and on which the complaint for costs was filed, it must therefore have been within twenty-four hours after the rendition of judgment.

The statute requires the appellant to recognize with sufficient surety or sureties in a reasonable sum, with condition, &c. It was for the trial justice to determine as to the sufficiency of the surety and the reasonableness of the sum for which he has to recognize. If not, no question is made as to the surety. As for the sum, inasmuch as the costs were but one dollar and forty-nine cents, a recognizance in the sum of twenty dollars, furnishes no ground of complaint for the appellee as not being reasonable.

*Exceptions sustained.*

WALTON, BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.